UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
AT PORTLAND

| UNITED STATES OF AMERICA | Case No. 3:24-mj-00269-JAM |
|---|---|
| Plaintiff, | |
| v. | ORDER RE: STATUS CONFERENCE, GRANTING MOTION TO CONTINUE ARRAIGNMENT, SETTING ARRAIGNMENT DATE, AND MOTION DEADLINE |
| WILLIAM JAMES O'DONNELL, | |
| Defendant. | |

This matter comes before the Court on a status conference (Dkts. 30, 31, 34), and defendant's unopposed motion to continue and reset arraignment (Dkt. 32). The Court held a hearing on June 2, 2025, with counsel and Mr. O'Donnell present, and discussed the factors that apply when the Court considered each of the motions for continuance in this case.

The Court ORDERS that defendant's motion for continuance of 60 days for the arraignment is granted, and as to this motion (Dkt. 32) the defendant waives his right to be indicted within 30 days of his arrest under 18 U.S.C. 3161(b), the ends of justice served by this continuance outweigh the best interest of the public and the defendant in a speedy trial, and the period from June 24, 2025 to August 22, 2025 is excludable from speedy-trial computations pursuant to 18 U.S.C. § 3161 (h) (7)(A), (B).

In deciding the current motion to continue, and the previous unopposed motions to continue arraignment (Dkts. 9, 10, 13, 14, 15, 16, 17, 20, 21, 22, 26, 27, 32), the

1  Court considered the non-exclusive list of statutory and non-statutory factors in the

2  context of this specific case. *See, Zedner v. United States,* 547 U.S. 489, 498-507

3  (2006); *United States v. Orozco-Barron,* 72 F.4th 945, 954-955 (9th Cir. 2023), cert.

4  denied, 144 S.Ct. 1373 (2024); *United States v. Olsen,* 21 F.4th 1036, 1046 (9th Cir.

5  2022). The Court has considered the factors but is not required to address each of the

6  statutory or non-statutory factors before granting a continuance. *Orozco-Barron,* at 954-

7  955. Each continuance has a time limitation, and the findings are in the Court's record,

8  orally or in writing, no later than at the time the Court makes a ruling on a defendant's

9  speedy trial motion to dismiss. *Id. ; Zedner v. United States,* at 507 and n.7.

10      In this case, the Court has evaluated the non-exclusive list of factors as follows:

11       Counsel for Mr. O'Donnell have stated that to provide effective preparation of a

12  defense, they have endeavored to carefully review the discovery and facts; in this way,

13  they can evaluate case strategy options with clarity. Dkts. 9, 14, 16, 20, 21, 26, 31, 32.

14  Failure to grant the continuances requested by the defendant, even if this case turns out

15  to be not complex, "would deny counsel for the defendant . . . the reasonable time

16  necessary for effective preparation, taking into account the exercise of due diligence."

17  18 U.S.C. § 3161 (h) (7)(B)(iv).

18      Although the case is in the early stages, it may ultimately become a complex

19  case due to the nature of the prosecution and novel questions of fact or law, with many

20  potentially important percipient witnesses that have observed events before, during, and

21  after the drug sale and overdoses. Dkt. 1, 1-1, Complaint at 3-8. 18 U.S.C. § 3161 (h)

22  (7)(B)(ii). Not only are there many potential law enforcement and percipient witnesses,

23  but there are also potential expert witnesses regarding causation, possible drug

24

25  ORDER RE: STATUS CONFERENCE, GRANTING
   MOTION TO CONTINUE ARRAIGNMENT, SETTING
   ARRAIGNMENT DATE, AND MOTION DEADLINE - 2

combinations, and cause-of-death or cause-of-injury/overdose issues. Dkt. 1, Complaint at 3-10.

Failure to grant a continuance of the arraignment would likely result in a miscarriage of justice. 18 U.S.C. § 3161 (h) (7)(B)(i). The discovery and prompt investigation of the facts will inform the parties' analysis of options, and pursuit of justice for a fentanyl-related injury or death is in the defendant's and the public's best interest. Dkts. 31, 34 (briefs of the parties concerning the reasons for the continuances).

Mr. O'Donnell has been in custody for almost six months -- since his arrest on December 17, 2024. Dkt. 6, Arrest Warrant Returned Executed; Dkt. 3, 4, 5, motion and order of detention. On April 18, 2025, defendant filed a motion to reopen the previously unopposed detention order. Dkt. 23. The Court heard oral argument on May 6, 2025, denied the defendant's motion for release, and granted the Government's motion for detention (Dkt. 3). Dkts. 28, 29. Defendant has appealed that order to U.S. District Judge John A. Mendez. Dkt. 38. This is not unreasonable, and the factor weighs in favor of granting the continuances.

The defendant has not invoked speedy trial rights; he has waived the right to be indicted within the time limit, has sought each of the continuances, and defendant has not objected to any of the continuances.

As to the seriousness of the charge, this factor also supports the continuances. The Complaint alleges one victim died, and two victims sustained serious bodily injuries, allegedly due to the defendant's sale of drugs, and the victims' overdoses from those drugs, a combination of drugs that included fentanyl. Dkt. 1, 1-1, Complaint. If convicted, the defendant's potential sentencing exposure would be a 20-year mandatory

ORDER RE: STATUS CONFERENCE, GRANTING
MOTION TO CONTINUE ARRAIGNMENT, SETTING
ARRAIGNMENT DATE, AND MOTION DEADLINE - 3

minimum term and a maximum term of life in prison. Dkt. 3, Government's motion for detention, at 1. The charge is extremely serious: for distribution of a controlled substance, a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, resulting in death and serious bodily injury, under 21 U.S.C. §§ 841 (a)(1) and 841 (b)(1)(C). *Id.* As described in the Complaint, all three victims were transported to the hospital, overdosed and unconscious, at approximately 3:54 a.m., on December 15, 2024. Narcan, in multiple doses, appeared to help AV-2 and AV-3 recover, but despite Narcan and CPR, AV-1 died from overdose. Dkt. 1, 1-1, Complaint, at 2-3. During the investigation Fentanyl was detected in the drugs found in the possession of the victims, and in the drugs found in the location where the victims had purchased the drugs on December 15, in the residence of Mr. O'Donnell. *Id.* , at 3, 7-8.

Arraignment is now set for August 14, 2025, at 10:00 am. Dkt. 39. **If another continuance is sought, the motion must be filed on or before August 1, 2025.**

IT IS SO ORDERED.

Dated this 3rd day of June, 2025.

_Theresa L. Fricke_

Theresa L. Fricke, United States Magistrate Judge

ORDER RE: STATUS CONFERENCE, GRANTING
MOTION TO CONTINUE ARRAIGNMENT, SETTING
ARRAIGNMENT DATE, AND MOTION DEADLINE - 4