UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

UNITED STATES OF AMERICA

        Plaintiff,

v.

WILLIAM JAMES O'DONNELL

        Defendant.

Case No. 3:24-mj-0269-JAM

**ORDER GRANTING DEFENDANT'S
MOTION FOR REVIEW OF
MAGISTRATE JUDGE'S ORDER**

      Before the Court is William O'Donnell's ("Defendant") Motion for Review of the

Magistrate Judge's May 7, 2025 Detention Order. See Mot., ECF No. 38. The Government

opposed the motion, Opp'n, ECF No. 42, and Defendant replied, Reply, ECF No. 43. For the

reasons set forth below, the Court reverses the Magistrate Judge's May 7, 2025 Detention Order.

See Ord., ECF No. 29. Defendant is ordered released subject to the conditions outlined below.

## I.  OPINION

**A.**   **Legal Standard**

      "If a person is ordered detained by a magistrate judge" they may file "with the court

having original jurisdiction over the offense, a motion for revocation or amendment of the

order." 18 U.S.C. § 3145(b). In considering the motion, the district court reviews the detention

order de novo. United States v. Koenig, 912 F.2d 1190, 1191–93 (9th Cir. 1990).

      Under the Bail Reform Act, a person must be released pending trial unless the court

"finds that no condition or combination of conditions will reasonably assure the appearance of

the person as required and the safety of any other person and the community." 18 U.S.C. §

3142(e). There is a rebuttable presumption in favor of detention in cases where the judicial

officer finds probable cause that the individual committed an offense that carries a maximum term of imprisonment of ten years or more under the Controlled Substances Act, 21 U.S.C. § 801. 18 U.S.C. § 3142(e)(3)(A).

"[T]he presumption shifts a burden of production to the defendant"; however, "the burden of persuasion remains with the government." United States v. Hir, 517 F.3d 1081, 1086 (9th Cir. 2008). "If a defendant proffers evidence to rebut the presumption of [detention], the court considers four factors" in considering whether detention is warranted: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. Id.; 18 U.S.C. § 3142(g).

B.     **Analysis**

Here, there is a presumption of detention because there is probable cause to find Defendant committed an offense under the Controlled Substance Act, which carries a maximum term of imprisonment of ten years or more in custody—specifically, Distribution of Fentanyl Resulting in Death, in violation of 21 U.S.C. § 841(c). See Compl., ECF No. 1. However, the Court finds Defendant has presented sufficient evidence to rebut the presumption of detention. Defendant has ties to the Portland community and has no history of absconding or failures to appear. Additionally, Defendant has a demonstrated history of sobriety and success in the community when he is engaged in substance abuse treatment and provided structure and support.

With respect to whether detention is warranted, the Court finds Defendant must be released. Even assuming there is sufficient evidence to find Defendant is a danger to the community or a risk of flight, there are conditions that can be imposed to reasonably assure the safety of the community and Defendant's appearance at future proceedings. United States

Pretrial Services has proposed recommended conditions they believe will address any safety or flight concerns, and the Government has failed to meet its burden to establish these conditions would not be sufficient to reasonably assure community safety and Defendant's appearance at future proceedings.

## II. ORDER

For the foregoing reasons, the Court **REVERSES** the Magistrate Judge's May 7, 2025 Detention Order. See Order, ECF No. 29. Defendant is ordered released subject to the conditions outlined below:

1. The defendant must not violate federal, state, or local law while on release.

2. The defendant must cooperate in the collection of a DNA sample if it is authorized by 34 U.S.C. § 40702.

3. The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

4. The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

5. The defendant must submit to drug and alcohol testing, to include urinalysis, breathalyzer, or hand-held testing devices, as directed by Pretrial Services. The defendant shall not use, consume, or possess alcohol, any product containing alcohol, or other intoxicants, including medication, unless prescribed to you by a physician and under the direction of Pretrial Services. The defendant shall obtain an alcohol/substance abuse evaluation and follow any treatment recommendations as directed by Pretrial Services. The defendant shall participate as directed in a program approved by the probation and pretrial services office for treatment of narcotic addiction, drug dependency, or substance abuse, which may include testing to determine if the defendant has reverted to the use of drugs or alcohol.

6. The defendant must undergo a mental health, psychiatric or psychological evaluation and follow all treatment recommendations in that evaluation, as directed by Pretrial Services. The defendant shall take all medications as prescribed.

7. The defendant must contribute towards the costs of the services required by this bond, to the extent you are financially able to do so, as determined by Pretrial Services.

8. The defendant shall not have direct or indirect contact with any alleged victims.

9. The defendant shall not have direct contact or indirect contact with any existing and/or future witnesses in this case.

10. The defendant shall participate in and successfully complete inpatient treatment at a facility approved by Pretrial Services. Defendant must comply with facility rules and follow any aftercare recommendations as directed by Pretrial Services. The defendant shall not abort treatment without prior approval of Pretrial Services. Pretrial Services will coordinate the defendant's release with the U.S. Marshals.

11. Once a start date for inpatient treatment has been secured, a status hearing two-weeks prior to the conclusion of inpatient treatment will be scheduled to determine the defendant's placement and/or residence following treatment. If the Government, Defense, and Pre-trial Services reach an agreement regarding defendant's placement and/or residence following treatment, the Court may choose to vacate the hearing.

12. The defendant shall participate in the location monitoring program with Active Global Positioning Satellite technology once he completes inpatient substance use disorder treatment. The defendant is restricted to his residence at all times except for employment, religious services, medical, legal reasons, or as otherwise approved by the location monitoring specialist. The defendant shall abide by all program requirements, and must contribute towards the costs of the services, to the extent financially able, as determined by the location monitoring specialist.

**IT IS SO ORDERED.**


Dated: July 01, 2025                    /s/ John A. Mendez
                                        _____
                                        THE HONORABLE JOHN A. MENDEZ
                                        SENIOR UNITED STATES DISTRICT JUDGE